

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

In re:
ADMINISTRATIVE ORDER REGARDING
COMPUTATION OF TIME UNDER THE
SPEEDY TRIAL ACT, 18 U.S.C. § 3161

Case No. 2:20mc7

### General Order No. 2020-06

As described by the Court in General Order 2020-02, the COVID-19 outbreak is a rapidly evolving situation that has evoked increasingly stringent responses from all branches and levels of government. The CDC initially recommended that in-person events consisting of fifty or more people be canceled or postponed for eight weeks and that events of <u>any size</u> be conducted only if it is possible to proceed in a manner that protects vulnerable populations. The CDC then further recommended that all Americans avoid close contact with other people (i.e., being within six feet) "if COVID-19 is spreading in your community."[1] The President of the United States likewise issued written guidance in response to COVID-19, with the President recommending: (1) that all Americans avoid gathering in groups of more than ten people; and (2) that older people and people with serious underlying health conditions <u>stay home when possible</u>.[2]

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/prepare/prevention.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fabout%2Fprevention.html.

[2] <u>See</u> https://www.whitehouse.gov/wp-content/uploads/2020/03/03.16.20_coronavirus-guidance_8.5x11_315PM.pdf.

In light of the ongoing public health emergency created by the nationwide spread of COVID-19, on March 13, 2020, this Court issued a General Order suspending all civil trials, criminal trials, and grand jury proceedings for approximately one month, with the exception of grand juries in the Alexandria Division of this Court. Gen. Order 2020-02. On March 16, 2020, this Court issued another General Order prompted by the continuing spread of COVID-19, with such Order: (1) continuing all civil and criminal hearings, conferences, and other live proceedings through the end of March 2020, with the exception of critical or emergency matters; and (2) extending the prior suspension of grand jury proceedings to include the Alexandria grand juries. Gen. Order 2020-03. Such General Order, coupled with the earlier order suspending jury trials, had the effect of delaying all criminal indictments through the end of March 2020.

Although this Court's prior General Orders made findings expressly excluding the Court-ordered suspensions from the Speedy Trial clocks governing the time for filing indictments, and the time for commencing a jury trial, the Court now expounds upon its prior findings that the "ends of justice" warrant exclusion of the relevant periods from the relevant speedy trial clocks. 18 U.S.C. § 3161(h)(7).

As referenced in General Order 2020-02, the process of selecting a grand or petit jury for federal proceedings in this

District inherently involves a crowded courtroom, sometimes requiring prospective jurors to spend an entire day, or longer, crowded onto bench seats where they <u>cannot avoid physical contact</u> with the individuals sitting next to them. Moreover, in order to accommodate peremptory challenges and challenges for cause, the "jury pool" from which a jury is selected for a criminal trial typically ranges from 45 to over 100 prospective jurors. Similarly, the process of empaneling a new grand jury involves between 85 and 100 prospective grand jurors.

At the conclusion of the jury selection process, the petit jury in a criminal case must consist of twelve jurors, and two alternates are frequently selected by the Court, bringing the total number of jurors to fourteen. Pursuant to Federal Rule of Criminal Procedure 6(a)(1), "[a] grand jury must have 16 to 23 members." As to both grand and petit juries, the jurors are required to sit closely together in the jury box and/or jury room and they spend the majority of the day sharing the same confined space. Therefore, even if this Court could manage to safely select a jury in the midst of the COVID-19 outbreak, the Court could not adequately protect the safety of jurors in light of the fact that they need to sit together, listen to evidence together, and deliberate together through group collaboration and discussion. Such group collaboration involves more than sharing a confined space, as the jurors frequently must handle the same physical

3

evidence, and routinely experience other forms of prolonged close contact within the group of more than ten individuals, many of whom routinely fall in the age range identified by the CDC and the President as a high-risk group.

In addition to the obstacles presented above, the Court's communication with the U.S. Attorney and the Federal Public Defender have highlighted shared concerns about the practical ability of the Court to effectively seat a jury during the current state of emergency declared in Virginia and the United States. Notably, even if a sufficient number of prospective jurors complied with their summons and appeared at the relevant courthouse, the Court has grave concerns as to whether jurors could provide their full and complete attention during a multi-day or multi-week federal trial in light of the health risks, and the fact that many younger individuals who do not fall into a high risk group may be struggling with the fact that their young children have recently been ordered home from school. Seating a distracted jury and/or a jury impatient to end the trial in order to promote their own physical well-being and to care for loved ones would result in a miscarriage of justice and undermine the fairness and integrity of our criminal justice system. Stated another way, the ever-expanding risk of exposure to COVID-19, a virus with no vaccine or approved pharmaceutical treatment, and which has a definitively unknown, but statistically significant fatality rate, causes it to

4

be practically impossible to seat a jury and/or obtain a quorum of grand jurors while maintaining compliance with the current public health and safety recommendations from the CDC and the President.[3]

In addition to issues with the jury, if a trial were to proceed, there would inevitably be issues with witness availability in light of the ongoing outbreak of COVID-19. Such issues may be most pronounced in our Alexandria Division, as Maryland, a neighboring state in the same immediate metropolitan area, issued a "stay home" order on March 23, 2020, encouraging residents to stay in their homes as much as possible. Similar orders will likely continue to take force in surrounding states as the COVID-19 outbreak further advances. Accordingly, it is clear that, in light of the conditions in this District at the time this Court entered General Order 2020-02, and 2020-03, conditions that continue to increase in severity by the day, the ends of justice require an extension of the time period for the return of an indictment set forth in 18 U.S.C. § 3161(b), and the time period for commencing trial set forth in 18 U.S.C. § 3161(c)(1).

After balancing the factors discussed in 18 U.S.C. § 3161(h)(7)(B), the Court finds that the ends of justice outweigh

---

[3] In extreme circumstances, as justice may dictate, convening or recalling a previously empaneled grand jury in the Alexandria Division to address matters for the entire District may ultimately prove necessary during the suspension, with prior permission of the undersigned judge. However, no new grand juries may be empaneled during the suspension.

5

the best interest of the public and the defendants in a speedy indictment, and a speedy trial, and that the failure to grant such a continuance would prevent the completion of full and fair jury proceedings and result in a miscarriage of justice. The exclusion of fifteen days from the time period for filing an indictment or information, Gen. Order 2020-03, and the exclusion of thirty-three days from the time to commence trial, Gen. Order 2020-02, are necessary steps to balance the health and safety of jurors, court employees, litigants, counsel, judges, and the public, with the Constitutional responsibility to continue federal court operations during the COVID-19 outbreak.[4]

In order to ensure that the instant findings regarding delayed indictments are made "in the record" of each case in which an indictment is delayed, the U.S. Attorney is requested to file a motion and proposed order in all criminal matters in which an indictment is delayed, or purportedly delayed, due to the absence of a sitting grand jury. Zedner v. United States, 547 U.S. 489, 506 (2006). Such proposed order may properly cross-reference the instant General Order and propose incorporating the findings herein. Defense counsel may, of course, file any necessary

---

[4] At this time, only the defined periods discussed above are excluded. Because circumstances have worsened by the day, the Court is currently evaluating the relevant factors, with input from appropriate stakeholders, to determine whether live proceedings should be further continued and/or whether any further continuance should be excluded from the speedy trial clock.

response or motions related to the Court's 18 U.S.C. § 3161(h)(7) findings.

As to delayed trials, to the extent either party, or any presiding judge, wishes to ensure that the above findings are "in the record" of any individual criminal case for which <u>trial</u> is delayed due to the COVID-19 outbreak, a motion and proposed order may be filed in each case, and/or the presiding judge may take the necessary steps, to incorporate these, or any further findings, in the record of individual criminal cases. Additional findings resulting from trial delays after Court operations resume may also prove necessary in individual cases due to the availability and preparedness of counsel, as well as the availability of critical witnesses.

**It is so ORDERED.**

/s/ <i>Mark S. Davis</i>
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 23, 2020