UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA



FILED

MAR 30 2020

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

In re:
COURT OPERATIONS UNDER THE EXIGENT
CIRCUMSTANCES CREATED BY THE OUTBREAK
OF CORONAVIRUS DISEASE 2019 (COVID-19):          Case No. 2:20mc7
AUTHORIZATION TO USE VIDEO TELECONFERENCING
OR TELEPHONE CONFERENCING PURSUANT TO THE
CARES ACT

### General Order No. 2020-09

The United States District Court for the Eastern District of Virginia has continued to closely monitor the outbreak of Coronavirus Disease 2019 (COVID-19), as well as the developing guidance from the Centers for Disease Control and Prevention ("CDC"),[1] and the increasingly stringent responses from all branches and levels of government. Over the past several days, the United States has become the "epicenter" of the pandemic and now has far more confirmed COVID-19 cases than any other nation. Consistent with prior General Orders entered by this Court in response to the COVID-19 pandemic, the instant General Order represents a careful balancing of the health and safety of litigants (to include criminal defendants), counsel, court employees, judges, and the public, with the Constitutional responsibility to continue federal court operations during the COVID-19 outbreak.

---

[1] See https://www.cdc.gov/coronavirus/2019-nCoV/index.html.

On March 27, 2020, Congress passed legislation authorizing the use of video and telephone conferencing, under certain circumstances and with the consent of the defendant, for various criminal case events during the course of the COVID-19 emergency. See The CARES Act, H.R. 748. The Judicial Conference of the United States has also found that emergency conditions due to the national emergency declared by the President have affected and will materially affect the functioning of the federal courts generally.

As Chief Judge, and pursuant to Section 15002(b)(1) of the legislation, I hereby authorize the use of video conferencing, or telephone conferencing if video conferencing is not reasonably available, for all events listed in Section 15002(b) of the legislation.

Pursuant to Section 15002(b)(2), I further specifically find that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this district without seriously jeopardizing public health and safety. As a result, if a judge in an individual case finds, for specific reasons, that a felony plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the judge may, with the consent of the defendant after consultation with counsel, use video conferencing, or teleconferencing if video

conferencing is not reasonably available, for the felony plea or sentencing in that case. Judges may also use this authority for equivalent events in juvenile cases as described in Section 15002(b)(2)(B).

Pursuant to Section 15002(b)(3) of the legislation, this authorization will remain in effect for 90 days unless terminated earlier. If emergency conditions continue to exist 90 days from the entry of this order, I will review this authorization and determine whether to extend it.

_____ /s/ 𝓂𝓈𝒟
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 30, 2020