UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA



FILED

APR - 6 2020

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

In re:

COURT OPERATIONS UNDER THE EXIGENT
CIRCUMSTANCES CREATED BY THE OUTBREAK
OF CORONAVIRUS DISEASE 2019 (COVID-19):
TEMPORARY POLICY FOR REMOTE PROCEEDINGS
AND PUBLIC ACCESS TO SUCH PROCEEDINGS

Case No. 2:20mc7

### General Order No. 2020-11

The United States District Court for the Eastern District of Virginia has continued to closely monitor the outbreak of Coronavirus Disease 2019 (COVID-19), as well as the developing guidance from the Centers for Disease Control and Prevention ("CDC"),[1] and the increasingly stringent responses from all branches and levels of government. The United States is now the "epicenter" of the global pandemic and has far more confirmed COVID-19 cases than any other nation. The Governors of Virginia, Maryland, and North Carolina, as well as numerous other states, have recently issued "stay home" orders instructing members of the public to remain in their homes unless they are leaving to engage in essential activities.

In light of the grave and increasing risk that COVID-19 presents to the public, particularly when multiple individuals

---

[1] See https://www.cdc.gov/coronavirus/2019-nCoV/index.html.

come together for indoor events/proceedings, on March 27, 2020, Congress passed legislation authorizing the use of video and telephone conferencing for certain criminal case events during the course of the COVID-19 emergency. See The CARES Act § 15002, H.R. 748, 116th Congress (2020). The Judicial Conference of the United States has likewise found that conditions due to the COVID-19 national emergency have affected and will materially affect the functioning of the federal courts generally. Accordingly, on March 30, 2020, this Court issued a General Order authorizing the use of video conferencing, or telephone conferencing if video conferencing is not reasonably available, for proceedings listed in Section 15002(b) of the CARES Act, as long as any necessary findings under the Act are made. Case No. 2:20mc7, Gen. Order 2020-09.

After such Order was issued, judges in this District immediately began conducting "remote" video proceedings for authorized criminal events in order to develop and test the Court's capability to operate remotely. However, the initial video conference proceedings were not fully "remote," meaning that such video proceedings still required multiple participants (as well as observing members of the press and public, if any) to come into the courtroom together, thus risking the further proliferation of COVID-19. At this time, in continued pursuit of limiting the spread of COVID-19 to the greatest extent practicable, this

District is in the process of implementing <u>fully remote</u> proceedings, with the anticipated capability of having no more than one person, <u>if any</u>, present in the courtroom during some video conference proceedings. The ability to conduct a fully remote hearing with all participants in different locations will greatly expand the degree to which the Court can safely conduct critical and emergency proceedings, as well as proceedings involving less urgent matters.[2]

Although proceedings conducted by video or telephone conferencing are necessary to satisfy this Court's Constitutional responsibility to continue operations during the COVID-19 outbreak, while at the same time protecting the health and safety of all interested persons (litigants, counsel, court employees, judges, and the public), the use of video conference technology to conduct fully remote proceedings risks cutting off the public's right of access to federal court proceedings. This Court takes seriously the public's right of free access to criminal and civil proceedings, a right that endures during this unprecedented COVID-

---

[2] This Court previously issued a General Order continuing all <u>in-court</u> proceedings scheduled prior to May 1, 2020, except for "critical or emergency" proceedings. <u>See</u> Gen. Order 2020-07. At the time such General Order was issued, the risk calculus driving the need to conduct only a limited number of urgent hearings was based on the reality that multiple individuals generally needed to congregate in close physical proximity in order to conduct in-court proceedings. As the ability to conduct court proceedings remotely expands in the coming days and weeks, and fully remote hearings become widely achievable in this District, certain presiding judges may elect to conduct more frequent non-critical/non-emergency civil and criminal events remotely rather than reschedule such matters to a date after the end of the national emergency created by the COVID-19 pandemic.

19 emergency, and the Court therefore finds it is necessary to take steps to facilitate continued public access.

While there is clearly a need to safeguard public access to remote proceedings that would otherwise occur in open court, Judicial Conference policy prohibits the broadcasting of civil and criminal proceedings in federal trial courts. See Guide to Judiciary Policy, Vol. 10, Ch. 4 ("Judicial Conference policy does not allow either civil or criminal courtroom proceedings in the district courts to be broadcast, televised, recorded, or photographed for the purpose of public dissemination."); JCUS-SEP 94, at 46-47.[3] Additionally, as to criminal proceedings, the Federal Rules of Criminal Procedure generally prohibit the Court from allowing "the broadcasting of judicial proceedings from the courtroom." Fed. R. Crim. P. 53.

Notwithstanding such prohibitions, the Executive Committee of the Judicial Conference, acting on behalf of the Judicial Conference on an expedited basis, has approved a temporary exception that allows federal judges to authorize the use of teleconference technology to provide the public and the media with audio access to court proceedings during the period that public access to federal courthouses is limited/restricted due to the health and safety concerns caused by the COVID-19 pandemic.

---

[3] The Judicial Conference is the National policy-making body for the federal courts. The current name took effect when Congress enacted Section 331 of Title 28 of the United States Code.

Consistent with such temporary exception, the Chief District Judge hereby **AUTHORIZES** the use of appropriate teleconference services in this District in order to allow, to the extent practicable, members of the press and public to access a toll-free telephone line to remotely listen to the live audio-stream of civil and criminal court proceedings that are conducted remotely during the national emergency created by the COVID-19 pandemic.[4] The Court endeavors to provide such access for both fully remote hearings (where telephone access for observers may be legally required) and partially remote hearings where the courtroom is still open to the public (where telephone access may not be legally required, but will permit observers to avoid the need to appear in person and expose themselves, and others, to the risk of contracting COVID-

---

[4] Consistent with guidance from the Administrative Office of the United States Courts, this Court finds that Federal Rule of Criminal Procedure 53 does not prevent the Court from providing remote access to both "participants" and "observers" of the criminal proceedings authorized by the CARES Act. Notably, Rule 53 expressly states that its prohibitions on broadcasting are applicable "[e]xcept as otherwise provided by statute." Fed. R. Crim. P. 53. The CARES Act "otherwise provide[s]" for identified criminal proceedings to be broadcast by the Court during the COVID-19 national emergency because a proceeding accomplished by video or telephone conference necessarily requires that the audio (and video, if available) be "broadcast" among the participants. Because the CARES Act expressly authorizes such "broadcast" for listed criminal proceedings, Rule 53 does not preclude the Court from "broadcasting" the audio stream from the same proceeding to members of the press and public that wish to call in via toll-free number. While no further finding is necessary at this time, the Court observes that a contrary interpretation of the interplay between the CARES Act and Rule 53 could conflict with the public's common law and/or constitutional right of free access to federal court proceedings, at least in circumstances where the relevant federal courtroom is <u>closed to the public</u>. See <u>Doe v. Pub. Citizen</u>, 749 F.3d 246, 265 (4th Cir. 2014); <u>Soderberg v. Pierson</u>, No. CV RDB-19-1559, 2020 WL 206619, at *9 (D. Md. Jan. 14, 2020) (citing <u>Globe Newspaper Co. v. Superior Court</u>, 457 U.S. 596 (1982); <u>Richmond Newspapers, Inc. v. Virginia</u>, 448 U.S. 555 (1980)).

19). Dial-in information, and further details outlining the procedure for the public and press to telephonically access such remote proceedings, will be provided on this Court's public website after the method of access is finalized. The emergency closure of the Norfolk Courthouse on April 6-7, 2020, for cleaning due to suspected COVID-19 exposure underscores the need to establish such procedures as soon as practical.

Although toll-free telephonic access to the audio-stream of Court proceedings conducted by video or teleconference is temporarily authorized in this District, certain limitations are placed on such access, as the ability of the press and public to connect telephonically is intended to mirror the rights previously possessed, that is, the right to freely access Court proceedings. Such authorization is <u>not</u> intended to expand the previously held public access rights and allow activities that would normally be prohibited, such as creating audio recordings of civil or criminal court proceedings. Accordingly, consistent with the general prohibition on bringing recording equipment into our federal Courthouses, and the general prohibition on televising, <u>recording</u> or photographing any civil or criminal court proceedings, <u>see</u> E.D. Va. Loc. Crim. R. 53, E.D. Va. Loc. Civ. R. 83.3, the following limitation is hereby **ORDERED** regarding remote access to court proceedings in this District during the COVID-19 judicial emergency:

The operation of any video or audio recording device by any lawyer, litigant, participant, or observing member of the press or public, is prohibited during remote proceedings. Therefore, with the exception of authorized Court personnel, any person remotely participating in, or listening to, a remote Court proceeding may not record, or cause to be recorded, any such proceeding. Furthermore, no person participating in, or listening to, such a proceeding may rebroadcast, live-stream, or otherwise disseminate any live or recorded audio or video of the court proceeding.

Violation of the prohibition against photographing, recording, and rebroadcasting of court proceedings may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.

Further procedural restrictions regarding toll-free telephonic access to court proceedings during the COVID-19 judicial emergency may be set forth on the Court's website and may change from time to time.

It is so ORDERED.

_____  /s/
                        Mark S. Davis
              CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April __6__, 2020