

FILED

Dec 11 2020

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

In re:
COURT OPERATIONS UNDER THE EXIGENT
CIRCUMSTANCES CREATED BY THE OUTBREAK          Case No. 2:20mc7
OF CORONAVIRUS DISEASE 2019 (COVID-19):
TEMPORARY SUSPENSION OF IN-PERSON
MISDEMEANOR, TRAFFIC, AND PETTY OFFENSE
DOCKETS

## General Order No. 2020-23

The United States District Court for the Eastern District of Virginia has continued to closely monitor the outbreak of Coronavirus Disease 2019 (COVID-19), as well as the developing guidance from the Centers for Disease Control and Prevention (CDC), and local health authorities. Beginning in March of this year, the Court implemented a multi-stage response to the ongoing public health emergency that limited operations and in-person hearings in our Courthouses in order to protect court employees and staff, litigants, counsel, other court users, and members of the public. Such incremental response began by suspending proceedings that brought a large number of people into our Courthouses, including naturalization ceremonies and "all misdemeanor, traffic, and petty offense" dockets. As the pandemic worsened, and the Governor of Virginia issued a statewide "stay at home" order, further proceedings were suspended. When the stay at home order was lifted in early June, this Court began expanding Court operations, with criminal jury trials resuming in September after our Courthouses

were physically retrofitted and the jury process was redesigned to allow for social distancing throughout the entire course of trial.[1] The decision to bring so many members of the public into our Courthouses for criminal trials was made only after careful consideration of this Court's constitutional obligations, defendants' speedy trial rights, the Court's ability to provide defendants the full array of trial rights in the midst of a deadly pandemic, and the Court's ability to protect the safety of all persons involved in the jury trial process, to include summonsed jurors ordered to appear in Court.

Although pandemic conditions allowed for the completion of multiple criminal jury trials during the early fall, conditions in our District, and across the Commonwealth of Virginia, began deteriorating in early November. A "gating criteria" analysis consistent with recommendations from the Administrative Office of the United States Courts (AO) performed by this Court approximately four weeks ago revealed the severity of the declining conditions. Notably, in addition to increasing COVID-19 exposures/potential exposures in our Courthouses and rising COVID-19 case counts and hospitalizations, on November 16, 2020, the Governor of Virginia implemented statewide measures that limited the size of public and

---

[1] In light of speedy trial concerns and the Court's reduced ability to safely conduct multiple simultaneous jury trials, civil jury trials remain suspended indefinitely. See Gen. Order 2020-16.

private gatherings to twenty-five people, expanded mask mandates, and strengthened enforcement of mask mandates and related social distancing requirements.  In response, and after consultation with local health officials, this Court temporarily suspended all criminal jury trials through January 18, 2021.  See Gen. Order 2020-22.  Such decision was again made only after careful consideration of defendants' speedy trial rights and this Court's ability to safely conduct a criminal jury trial with a focused jury consisting of a fair cross-section of the community.  Such decision, like many staged responses that preceded it, considered feedback from the U.S. Attorney's Office, the Federal Public Defender's Office, and this Court's Criminal Justice Act Panel Representative, as these practicing members of the bar offered valuable insight into counsel's ability to prepare for trial during the current pandemic conditions as well as counsel's view on this Court's ability to conduct multi-day or multi-week criminal trials with a jury that would carefully focus on the evidence and not rush to judgment due to pandemic conditions.

Since General Order 2020-22 was issued, pandemic conditions have continued to deteriorate across our District, the Commonwealth of Virginia, and the United States.  The three pronged "gating analysis" recommended by the AO reveals a continued increase in COVID-19 exposures and potential exposures among individuals working in our Courthouses in multiple

departments/agencies, including Jury, Probation, the Clerk's Office, Judges' Chambers, the U.S. Marshals Service, and Court Security. COVID-19 case counts, hospitalizations, percent positivity of tests administered, and COVID-19 deaths are all rising, with Virginia now reporting approximately 4,000 new cases per day, more than double the daily average when this Court temporarily suspended criminal jury trials less than four weeks ago. The statewide percent positivity is now at 11%, and COVID-19 hospitalizations are at their highest point since the pandemic began, more than doubling since the beginning of November. A "community action" assessment similarly returns adverse results, punctuated by the Governor of Virginia's December 10, 2020 "modified stay at home order," the most restrictive Executive Order governing movements in Virginia since early June. Such Executive Order reduces in-person public and private gatherings to a maximum of ten people, imposes a statewide "stay home order" between midnight and 5:00 a.m., and further expands the mask mandate, with the Governor both continuing to promise increased enforcement of mask and social distancing requirements and asking all Virginians to telework and to stay at home as much as possible. With the Governor's December 10, 2020 Executive Order being adopted only after close consultation with medical experts that have carefully studied pandemic conditions specific to the Commonwealth of Virginia, this Court will **limit all gatherings, including**

**gatherings within our Courtrooms, to no more than ten individuals whenever possible**, recognizing that exceptions will be necessary to allow continued operation of our Court while preserving public access to our proceedings.

After careful consideration of the above, to include the rapidly expanding number of COVID-19 cases and hospitalizations within our District, the Commonwealth of Virginia, and surrounding states, and given the fact that our misdemeanor, traffic, and petty offense dockets involve numerous defendants, counsel, and witnesses being brought into our Courthouses, it is hereby **ORDERED** that, effective **Monday, December 14, 2020:**

**All misdemeanor, traffic, and petty offense dockets for in-person hearings scheduled in all Divisions of this Court through January 18, 2021, are hereby SUSPENDED.** New dates for cases scheduled on such dockets shall be reset without the need to file any motions with this Court. The Court anticipates that the various Divisions of this Court will issue their own individual Orders identifying the names and/or dates of the specific dockets that are covered by the instant District-wide General Order.

In light of the ongoing public health emergency, and the severity of the risk to litigants, counsel, court employees, and the public—a risk that is exacerbated when a large number of defendants, family members, and witnesses from all segments of the community are brought together in our Courthouses and Courtrooms—

as well as concerns about the ongoing availability of counsel able to attend in-person proceedings, the time period of the suspension and continuance granted by this Order will be excluded under the Speedy Trial Act, to the extent such Act is applicable.[2] Specifically, the time is excluded under 18 U.S.C. § 3161(h)(7)(A), as it is abundantly clear that the "ends of justice served" by this continuance outweigh the public and the affected defendants' right to a speedy trial. Should any speedy trial motions/challenges associated with the findings in this District-wide Order be filed in any case, the presiding Judge is encouraged to make the necessary case-specific findings and memorialize such findings in the record of such case. Cf. 18 U.S.C. § 3161(h)(7)(A). As dictated by ever-changing circumstances and the anticipated increasing threat of community spread of COVID-19, the Court may issue further staged responses, to include an extension of the instant Order, when appropriate.

    **It is so ORDERED.**

                                            /s/
                                      Mark S. Davis
                        CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December  11 , 2020

---

[2] See 18 U.S.C. § 3172(2) (defining "offense" to exclude Class B and C misdemeanors and "infraction[s]"); United States v. Nickerson, 731 F.3d 1009, 1014 (9th Cir. 2013) (rejecting the defendant's contention that 18 U.S.C. § 3161(d)(2) applies to a Class B misdemeanor).