

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA**

In re:
COURT OPERATIONS UNDER THE EXIGENT
CIRCUMSTANCES CREATED BY THE OUTBREAK          Case No. 2:20mc7
OF CORONAVIRUS DISEASE 2019 (COVID-19):
CARES ACT REAUTHORIZATION TO USE VIDEO
CONFERENCING OR TELEPHONE CONFERENCING

### General Order No. 2021-03

On March 13, 2020, the President declared a national emergency in response to the COVID-19 pandemic. Shortly thereafter, Congress passed legislation authorizing the use of video and telephone conferencing, under certain circumstances and with the consent of the defendant, for various federal criminal case events during the course of the COVID-19 emergency. See CARES Act, H.R. 748. On March 29, 2020, the Judicial Conference of the United States found that emergency conditions have materially affected, and will continue to affect, the functioning of the federal courts generally. Accordingly, on March 30, 2020, this Court issued General Order 2020-09 authorizing "the use of video conferencing, or telephone conferencing if video conferencing is not reasonably available, for all events listed in Section 15002(b)" of the CARES Act. Gen. Order 2020-09, at 2. The same General Order further found that "felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the

Federal Rules of Criminal Procedure cannot be conducted in person in this district without seriously jeopardizing public health and safety." Id.

Pursuant to the CARES Act:

**(A) In General.--** On the date that is 90 days after the date on which an authorization for the use of video teleconferencing or telephone conferencing . . . is issued, . . . the chief judge of the district court . . . to which the authorization applies shall review the authorization and determine whether to extend the authorization.

**(B) Additional Review.--** If an authorization is extended under subparagraph (A), the chief judge of the district court . . . to which the authorization applies shall review the extension of authority not less frequently than once every 90 days . . . .

H.R. 748, § 15002(b)(3)(A)-(B). On June 26, 2020, September 24, 2020, and December 18, 2020, this Court issued Orders extending the CARES Act authorization for an additional 90 days pursuant to § 15002(b)(3)(B). Gen. Orders 2020-18, 2020-21, 2020-24.

Just under 90 days have passed since the issuance of General Order 2020-24, and in the interim, the undersigned judge has continued to monitor COVID-19 data from within and outside this District, as well as the developing guidance from the Centers for Disease Control and Prevention (CDC) and state and local health authorities. While Virginia and the rest of the United States are vaccinating the public against COVID-19 as fast as possible, the ongoing spread of COVID-19, to include "variant" strains of the

2

virus proven to be more transmissible, presents a clear and present risk to the community, with current averages for new daily cases and hospitalizations in Virginia remaining at or above the "peaks" experienced in May and August of last year.

With available scientific data establishing that the COVID-19 pandemic presents a continued and significant risk to the public, on February 24, 2021, the President announced a continuation of the national emergency.  In light of such renewed declaration, and with the Judicial Conference's emergency declaration remaining in effect, this Court concludes that the risk created by the pandemic warrants a further extension of the video and teleconferencing authorization under the CARES Act.  Such finding reflects the fact that many of the people who enter our Courthouses are still not fully vaccinated, with many individuals still awaiting the opportunity to begin the COVID-19 vaccine regime.  This finding also reflects the fact that the efficacy of various COVID-19 vaccines on multiple different variant strains of the virus remains unknown, as does the degree to which fully vaccinated individuals can carry and spread the differing strains of COVID-19.  Were this Court to <u>exclusively</u> conduct in-person criminal hearings, many unvaccinated individuals would come together in enclosed spaces, and the U.S. Marshals Service would need to coordinate transportation of a large number of in-custody

defendants from local jails to our Courthouses and back again.[1] The continued use of virtual hearings not only greatly reduces foot-traffic and inmate transport, but enhances access to justice for defendants housed at local jails that implement full or partial restrictions on movement to combat the spread of COVID-19.

Each criminal proceeding conducted in our Courthouses is unique, and a review of the hurdles faced over the last year reveals a wide spectrum of scenarios, some in which in-person proceedings are prudent and can be safely conducted, and others in which they are not. As the risk of COVID-19 spread in our Courthouses increases in step with the number of in-person criminal hearings, the continued authorization of virtual hearings remains necessary to this Court's continued mid-pandemic operations.

Therefore, the Chief Judge of this District finds that current conditions warrant extending the findings made in General Orders 2020-09, 2020-18, 2020-21, 2020-24. While improving pandemic conditions may allow an increased number of criminal proceedings to be safely conducted in our Courthouses, the risk of COVID-19 spread (to include variants spreading in Virginia) currently

---

[1] As noted in prior General Orders, transportation of incarcerated inmates frequently involves multiple defendants being transported in the same vehicle and/or being held in relatively small Courthouse holding cell areas. Additionally, the Deputy Marshals need to remain in close physical contact with detained defendants to provide safe escort in our Courthouses and courtrooms. Moreover, each additional in-person hearing increases the close contact that occurs in the security screening areas located at Courthouse entrances.

prevents this Court from conducting in-person hearings for <u>all</u> CARES Act criminal proceedings or for <u>all</u> felony pleas and sentencings. Because in-person hearings now require more physical space to strike the proper balance between the need to continue Court operations with the critical need to ensure that social distancing of six feet is maintained in our Courthouses, the elimination of all remote criminal proceedings would require the Court to either indefinitely postpone some proceedings, complete significantly fewer proceedings, or condone an intolerable risk level for hearing participants and visitors.

    Accordingly, as Chief Judge, and pursuant to Section 15002(b)(1) of the CARES Act, I hereby reauthorize the use of video conferencing, or telephone conferencing if video conferencing is not reasonably available, for all events listed in Section 15002(b) of the CARES Act. Pursuant to Section 15002(b)(2), I further specifically find that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted exclusively in person in this District without seriously jeopardizing public health and safety. As a result, if a judge in an individual case finds that an in-person felony plea or sentencing hearing is not appropriate, and that, for specific reasons, such felony plea or sentencing cannot be further delayed

5

without serious harm to the interests of justice, the judge may, with the consent of the defendant after consultation with counsel, use video conferencing, or teleconferencing if video conferencing is not reasonably available, for the felony plea or sentencing in that case.[2] Judges may also use this authority for equivalent events in juvenile cases, as described in Section 15002(b)(2)(B) of the CARES Act.

Pursuant to Section 15002(b)(3) of the CARES Act, this authorization will remain in effect for 90 days unless terminated earlier. If emergency conditions continue to exist 90 days from the entry of this General Order, I will review this authorization and determine whether it should be extended.

**It is so ORDERED.**

/s/ *[signature]*
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March __15__, 2021

---

[2] Each Division of this Court, and the circumstances of each individual case, as interpreted by each presiding judge, may present varying factors that bear on whether an in-person criminal hearing can be safely conducted. Decisions as to whether a specific hearing should be conducted in person will fall on the presiding judge, guided by the fact that the "health and welfare of each Judiciary employee, contractor, and member of the public that enters our facilities should be paramount in the decisions that are made" as the phased reopening of our Courthouses is implemented. Federal Judiciary COVID-19 Recovery Guidelines, at 2 (emphasis added).