UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

In re:
COURT OPERATIONS UNDER THE EXIGENT
CIRCUMSTANCES CREATED BY THE OUTBREAK          Case No. 2:20mc7
OF CORONAVIRUS DISEASE 2019 (COVID-19):
RESUMPTION OF CIVIL JURY TRIALS

### General Order No. 2021-04

The United States District Court for the Eastern District of Virginia has continued to closely monitor the outbreak of Coronavirus Disease 2019 (COVID-19), as well as the developing guidance from the Centers for Disease Control and Prevention (CDC) and state and local health authorities.  Beginning in March of last year, the Court implemented a staged response to limit operations and in-person hearings in response to the expanding risks posed by the pandemic.  In mid-June, this Court began increasing Court operations; however, all jury trials remained suspended throughout the summer in light of the additional COVID-19 exposure risk associated with such proceedings.  After months of careful planning, culminating in the development of a modified jury trial process using retrofitted courtrooms that allow for sufficient social distancing throughout the jury selection, trial, and deliberation stages, <u>criminal</u> jury trials resumed in all four Divisions of this Court in September of 2020.  This step was taken after consultation with the Virginia Department of Health and consideration of this Court's constitutional obligations,

defendants' speedy trial rights, and the need to protect the safety of all persons involved in the jury trial process.  In light of speedy trial concerns and the Court's reduced ability to safely conduct multiple simultaneous jury trials, civil jury trials remained suspended during 2020.  See Gen. Order 2020-16.

After multiple criminal jury trials were successfully completed in our District, pandemic conditions began deteriorating in November of 2020.  Accordingly, on November 16, 2020, this Court issued General Order 2020-22, temporarily suspending all criminal jury trials through January 18, 2021.  On January 8, 2021, the Court issued General Order 2021-01, further extending the suspension of criminal jury trials through the end of February 2021.  On February 23, 2021, in light of the markedly improved state of the pandemic in this District, the Court issued General Order 2021-02 confirming the scheduled resumption of criminal jury trials on March 1, 2021.

Since the issuance of General Order 2021-02, community COVID-19 conditions have continued improving across our District. First, there has been an ongoing decline in COVID-19 exposure or potential exposure events in our Courthouses (and the limited number of events that did occur were met with a swift and effective response).  Second, case numbers, hospitalizations, and percent positivity have all continued to decline, with current averages

resembling pandemic conditions in late October of last year.[1] Third, an assessment of community action over the last few weeks reveals that various state courts in Virginia have announced or implemented increased operations, to include jury trials, and the CDC has released new guidance reducing restrictions on private gatherings for fully vaccinated individuals. All available evidence, to include statements from the Governor of Virginia, suggests that state and local authorities will continue to gradually reduce restrictions as vaccinations become more widespread and pandemic conditions improve.

After carefully balancing the available data on COVID-19, and after consultations with public health experts in multiple Divisions of this District regarding this Court's ability to mitigate the risks of the jury trial process, the Court finds that it is appropriate to take another incremental step forward to expand Court operations. Therefore, barring a material change in circumstances, to include the potential impact of COVID-19 variants on community transmission, the previously ordered suspension of all civil jury trials **will expire on April 30, 2021**. Such announcement is made six weeks in advance not only to provide

---

[1] While the current metrics are similar to the metrics from late October or early November 2020, at that time, the trendlines were starting to indicate an increase in community spread, whereas today, the presence of the virus in the community has been decreasing for two months. Although the current decline of various metrics is appearing to slow, the seven-day averages for such metrics continue to reflect decreasing community spread.

3

sufficient notice to litigants and counsel, but to allow sufficient time for judges to coordinate trial calendars to determine an equitable approach to resuming such trials.

Adding context to the scheduling hurdles, in order to safely conduct a mid-pandemic jury trial (civil or criminal), the Court must utilize a specially retrofitted courtroom, often repurposing the entire gallery as a socially distanced jury box. Such procedure generally requires the use of two <u>additional</u> courtrooms, one to act as a jury room, and one to allow members of the public to watch a live video-feed of the trial courtroom. Based on the physical space available in our various Courthouses, this Court can simultaneously conduct two jury trials in each of the Alexandria, Richmond, and Norfolk Divisions. The Newport News Division only allows for a single jury trial to be conducted at any given time.

In light of the physical constraints of our facilities, and the fact that the additional space needed to conduct jury trials taxes the Court's ability to safely conduct other in-person proceedings, for the foreseeable future, no more than two jury trials are permitted to occur at the same time in each of the Alexandria, Richmond, and Norfolk Courthouses. Only one jury trial may occur at a time in the Newport News Courthouse. In order to comply with constitutional and statutory speedy trial requirements, the Court's limited capacity to conduct jury trials

dictates that criminal jury trials <u>must continue to take scheduling priority</u>, and civil jury trials may be conducted only when one of the two available retrofitted courtrooms (one in Newport News) is "open" and does not have a criminal trial scheduled. Judges in each Division will therefore have to carefully coordinate to determine which civil trials can be completed without delaying a criminal trial that is otherwise ready to begin. While civil litigants that have been waiting the longest for a jury trial date may garner precedence during the coordination of trial schedules, the reality is that, at least initially, multi-week civil trials may be difficult to schedule as there may only be relatively short available "openings" that do not conflict with upcoming criminal jury trials.

Further considering the lessons learned through the resumption of criminal jury trials across all Divisions of this Court, the coordinated criminal/civil jury trial calendars in each Division shall be designed to ensure that <u>no more than one jury selection process</u> occur each day in each respective Division. Experience has taught how cumbersome it is for the jury staff to move prospective jurors around our Courthouses while maintaining social distancing, a task that is further complicated by the increasing number of in-person proceedings that are now being conducted. Moreover, the fact that jury personnel must coordinate multiple jury "panels" to allow the Court to select a single jury

5

often requires Court employees to begin checking in members from a second panel of prospective jurors while the same employees are still assisting with the movements of the first panel of jurors, rendering it logistically impossible to expect those same employees to maintain the necessary safety protocols for an entirely separate voir dire process overseen by a separate judge on the same day.

Judges of each Division are encouraged to closely coordinate their lists of pending criminal and civil jury trials to ensure the greatest degree of fairness and efficiency regarding the use of the limited number of retrofitted courtrooms. The coordinated jury trial schedule must continue to give clear precedence to <u>all</u> criminal trials, with additional priority given to criminal trials with any defendants held in custody and further consideration given to the length of time that each criminal case has been pending. While criminal trials cannot be delayed in order to facilitate a civil trial, to the extent that retrofitted courtrooms are available or become available, civil jury trials may proceed in such retrofitted spaces beginning on May 3, 2021.

**It is so ORDERED.**

/s/ *[signature]*
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March __18__, 2021