FILED

Jun 11 2021

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

In re:
COURT OPERATIONS UNDER THE EXIGENT
CIRCUMSTANCES CREATED BY THE OUTBREAK
OF CORONAVIRUS DISEASE 2019 (COVID-19):     Case No. 2:20mc7
CARES ACT REAUTHORIZATION TO USE VIDEO
CONFERENCING OR TELEPHONE CONFERENCING

## General Order No. 2021-07

On March 13, 2020, the President declared a national emergency in response to the COVID-19 pandemic. Shortly thereafter, Congress passed legislation authorizing the use of video and telephone conferencing, under certain circumstances and with the consent of the defendant, for various federal criminal case events during the course of the COVID-19 emergency. See CARES Act, 134 Stat. 281. On March 29, 2020, the Judicial Conference of the United States found that emergency conditions have materially affected, and will continue to affect, the functioning of the federal courts generally. Accordingly, on March 30, 2020, this Court issued General Order 2020-09 authorizing "the use of video conferencing, or telephone conferencing if video conferencing is not reasonably available, for all events listed in Section 15002(b)" of the CARES Act. Gen. Order 2020-09, at 2. The same General Order further found that "felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person

in this district without seriously jeopardizing public health and safety." Id.  On June 26, 2020, September 24, 2020, December 18, 2020, and March 15, 2021, this Court issued Orders extending the CARES Act authorization for an additional 90 days pursuant to § 15002(b)(3)(A) & (B).  Gen. Orders 2020-18, 2020-21, 2020-24, 2021-03.

Just under 90 days have passed since the issuance of General Order 2021-03, and in the interim, the undersigned judge has continued to monitor relevant COVID-19 data, as well as the developing guidance from the Centers for Disease Control and Prevention (CDC) and state and local health authorities. Virginia, and the rest of the United States, continues to vaccinate the public against COVID-19, and the gains achieved as a result of vaccinations have led the Governor of Virginia to end statewide mask and social distancing mandates for fully vaccinated individuals.  This Court recently ended its own mask requirement for fully vaccinated individuals, but based on guidance from local health officials in Virginia's Northern, Central, and Eastern regions, the Court has continued, at least in the short term, to require social distancing in our Courthouses to the greatest extent possible. See Gen. Order 2021-06.  The recommendations from local health experts were based on the unique nature of the Courthouse setting (e.g., jurors and defendants are compelled to appear, in-

custody defendants are frequently present,[1] etc.) as well as the fact that a significant percentage of Americans are not yet <u>fully</u> vaccinated and it is not feasible for the Court to determine the vaccination status of Courthouse visitors.

Virginia's vaccination program is performing well, as borne out by the fact that COVID-19 case counts, hospitalizations, and deaths in Virginia have declined to their lowest points since the first months of the pandemic.  However, public health experts continue to voice caution over the risk posed by newly emerging COVID-19 variants, most notably the Delta variant.  Weighing the markedly improved pandemic conditions against the still-present risk, and with the Judicial Conference's emergency declaration still in effect, this Court concludes that conditions warrant a very brief extension of the video and teleconferencing authorization under the CARES Act.  Such finding does <u>not</u> suggest that it is still necessary to conduct a large percentage of approved criminal hearings remotely, but rather, acknowledges the short-term need for flexibility to use such hearings in appropriate cases.  The short-term continued availability of virtual hearings will also allow for a phased increase in the number of in-custody defendants, many of whom are not vaccinated (or whose vaccination

---

[1] Recently updated CDC guidance that relaxed mask requirements for fully vaccinated individuals does not apply to correctional facilities.  <u>See</u> https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html (last visited June 10, 2021).

status is unknown), that the U.S. Marshals Service needs to transport from local jails to our Courthouses and back again.

Therefore, the Chief Judge of this District finds that current conditions warrant a brief extension of the findings made in General Orders 2020-09, 2020-18, 2020-21, 2020-24, and 2021-03, with respect to those criminal proceedings expressly listed in § 15002(b)(1) of the CARES Act. However, the Court concludes that improving pandemic conditions and increasing vaccinations create an environment that no longer justifies remote felony guilty plea hearings or remote felony sentencing hearings, as such critical criminal proceedings are a small enough subset of all criminal proceedings that they can now be performed in person without seriously jeopardizing public health and safety. Cf. CARES Act § 15002(b)(2) (authorizing remote proceedings for felony pleas and felony sentencings only if the Chief Judge finds that such proceedings "cannot be conducted in person without seriously jeopardizing public health and safety").

Accordingly, as Chief Judge, and pursuant to Section 15002(b)(1) of the CARES Act, I hereby reauthorize the use of video conferencing, or telephone conferencing if video conferencing is not reasonably available, for all events listed in Section 15002(b)(1) of the CARES Act. Pursuant to Section 15002(b)(3) of the CARES Act, this authorization will remain in effect through

**June 25, 2021** unless terminated earlier.   Should pandemic conditions materially worsen, the Court will reconsider whether this reauthorization should be extended.

  **It is so ORDERED.**


             /s/\
            Mark S. Davis\
      CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia\
June  11 , 2021